Johnson, J.
'We concur in opinion with the Chancellor in this case. It was impossible to have described the. thing settled, a le. gacy, otherwise than as it is described in the settlement. A schedule, therefore, would have been useless ; and, by the termh of the act, one is necessary, only when the property settled is not specifi. cally described in the deed.
Martha Cannon, and Thomas Doughty, who were the trustees by the settlement, were also executrix and executor of the testator, Daniel Cannon, and were consequently in possession of the legacy; and as they paid it over to the substituted trustees, the necessary inference is, that they had formally renounced, and assented to the substitution. The substituted trustees, must, therefore, be regarded as legally invested with the estate, and authority, of the original trustees.
The motion to reverse the Chancellor’s decree, is dismissed.
O’Neall, J., and Harper, J., concurred.

Decree affirmed.